FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 25 2021   ★

LONG ISLAND OFFICE

COVER LETTER:

June 4, 2021

RE: Tyler V. Petersen, 20-cv-06186 (JMA)(AKT);
ORDER by Honorable Justice A. Kathleen Tomlinson on May 5, 2021

I apologize for not being able to finish and have everything mailed in a more timely fashion as I explained that I have limited resources as an indigent inmate that is not being afforded the proper stationary materials to effectively prosecute my Civil Suit. However, I was lucky that a few inmates that were discharged left me enough materials to complete the following papers. It may not be procedurally perfect or timely but it is all I can do in the situation I am placed in and I respectfully request this Honorable Court's indulgence in regards to any mistakes and irregularities Pursuant to Civil Practice Law

NOTE: I hereby respectfully request that this Honorable Court allow me to reserve the right to amend or supplement the following filings at any time prior to the commencement of trial.

I was finished with everything by June 4, 2021, however, I could not gain access to the Law Library to make copies to send to the County Attorney and obtain a certificate of service. I also cannot send this out until thursday June 10, 2021 as an indigent inmate because the jail does not take indigent mail until Thursday's to be mailed on Friday's. Therefore, these papers will not be placed in the mail until thursday 6/10/21 and won't be officially mailed until Friday 6/11/21. My papers will be dated June 4, 2021, but my Affidavit of Service will be dated June 10, 2021.

Respectfully Submitted

Milo D. Tyler

## INCIDENT # 1 NARRATIVE:

Plaintiff intends to offer at trial information that shows that the K-9 unit officer, along with his back up officers, held him down, cuffed him and continued to hold him down while their K-9 dog viscously bit his left calf tearing completely through his jeans and coming within centimeters of severing his leg completely. It is without question that if the dog caused an injury of this magnitude the officers, Mainly Officer Petersen, MUST HAVE seen and continued to allow the dog to continue to ~~maud~~ maul Mr. Tyler's leg. It also proves that they were holding Mr. Tyler down preventing him from moving or resisting the dog attack as his injury is in the same exact area. Plaintiff would also like to have an expert witness in medical or dog injuries to testify that Mr. Tyler's leg must have been held stationary by seeing the fact that the injury is in only one area.

## INCIDENT # 2 NARRATIVE:

Plaintiff intends to offer at trial that the correction officer did in fact snatch his wheelchair back causing him to fall on the floor and hurt himself and then instead of apologizing or even helping him off the floor he began to stand over him and yell obscenities and racial slurs at him. And that the Sgt. came in and saw the officers agitated and irate state and dismissed him from the area. Also after writing a grievance against this officer the retaliation spiraled out of control.

## INCIDENT # 3 NARRATIVE:

Plaintiff intends to offer information and testimony that he complained of the lack of strength of medication and the improper doses. That the Doctor continued to medicate him at irregular intervals that can cause unnecessary risk to his liver and kidneys and also leave him susceptible to extreme pain through the long periods overnight without being medicated.

## INCIDENT # 4 NARRATIVE:

Plaintiff intends to offer information or testimony that ~~the~~ an unknown nurse came to his cell and used dirty and used bandages to wrap up his open wound that could possibly have infected his wound. He did not have fresh bandages and did not take Mr. Tyler to medical to conduct the proper bandage change with new sterilized bandages as was mandated by his Doctors. Expert testimony stating the possible harmful effects of this medical negligence.

## INCIDENT # 5 NARRATIVE:

Plaintiff intends to offer information or testimony that Doctors allowed Correction officials to ~~continue~~ convince them to improperly take him out of medical housing without conducting an evaluation to determine whether Mr. Tyler was physically capable of being removed from medical housing. Also Doctors improperly removed him from his wheelchair he was prescribed so officers could send him to Riverhead Facility without any type of medical evaluation or physical therapy to determine or instruct him on how to use crutches without further injuring himself by using them improperly. These egregious and improper actions from both Corrections and the medical staff directly led to the assault that occurred in incident # 7. Also the fact that the jail never filed the grievance Plaintiff submitted for this incident to protect their officers and Doctors.

## INCIDENT # 6 NARRATIVE:

Same information in incident #5.

## INCIDENT # 7 NARRATIVE:

Plaintiff intends to offer information or testimony that he left Yaphank Facility without a wrist injury and once in Riverhead officers dragged him from the transportation vehicle and intentionally bent his wrist against the handcuffs causing severe

injury to his left wrist whereas his wrist swole so much that the Doctor in Riverhead provided him with an ice pack and ordered him sent to the Hospital for X-Rays; and the fact that the jail never filed the grievance Plaintiff submitted for this incident to protect their officers.

## INCIDENT # 8 NARRATIVE:

Plaintiff intends to offer testimony and information that the Intake Sgt. made his own medical determination without consulting a Doctor and FORCED Mr. Tyler to use crutches by telling him there's no restrictions on his discharge papers knowing he is not trained, experienced, authorized or assigned to make medical determinations by himself. These actions caused further injury to his wrist and that this action was done out of malice and the Sgt's will to impose Cruel and Unusual Punishment. The Sgt. then chose to yank Plaintiff like a rag doll and nearly drag him into the Facility by his shirt and still force him to use his injured wrist to maneuver the left crutch. Sgt. then told the Doctor not to give the Plaintiff a wheelchair and to force him to use crutches knowing it would be IMPOSSIBLE to use his left wrist to walk with crutches. Officers also took it upon themselves to provide him with a wheelchair once they were out of the Sgt. view. Plaintiff wrote a grievance about this but the jail once again decided to throw it away and not respond. Expert testimony stating that it was medically illogical and negligent to force Mr. Tyler to use crutches with an injured left wrist.

## INCIDENT # 9 NARRATIVE:

Plaintiff intends to offer information and testimony that the Doctor Jane Doe # 1 made an erroneous decision that goes against all medical logic by forcing Mr. Tyler to use crutches with a severely swollen and injured left wrist and caused further injury. That she

couldn't possibly have read his discharge papers and that she listened to the Sgt. and Nurse ~~Debby~~ ~~to~~ Debbie telling her not to give Mr. Tyler a wheelchair. That nurse Debbie stood behind Plaintiff shaking her head no to the Doctor to not provide a wheelchair. That Mr. Tyler begged and pleaded for the Doctor to read the discharge papers that stated for him to not use his wrist but she still gave him crutches.

## INCIDENT # 10 NARRATIVE:

Plaintiff intends to offer testimony or information that John Doe # 2 Doctor made an extremely and grossly negligent medical decision by forcing Mr. Tyler to walk on crutches with a plethora of injuries to his Right Knee, wrist, and left leg after the crutches he was provided broke because his injuries prevented him from using them properly. That John Doe # 2 also wasn't supposed to give him a Knee immobilizer without the rods in the side that prevents his Knee from bending. That John Doe # 2 ~~was~~ ~~adamant~~ ~~and~~ said he didn't care and was adamant on being medically negligent and retaliating for Mr. Tyler's grievances.

## INCIDENT # 11 NARRATIVE:

Plaintiff intends to offer information or testimony that the same John Doe # 6 Sgt. from incident # 8 forced Plaintiff to hop on his bad Knee, assaulted him by once again yanking him by the sleeve of his shirt and made sexual harassment comments while they made Mr. Tyler hop in his underwear with his genitals exposed, that the other officers participated in this sexual harassment by cooing and blowing Kisses and laughing. That Mr. Tyler was in so much pain from the Sgt. yanking him by the sleeve that he had to physically snatch his arm from the Sgt. with all the strength he could muster. John Doe # 6 was saying things like "Bounce that booty up and down", and "you're my bitch now, I see everything you got", and other sexual remarks.

## INCIDENT # 12 NARRATIVE:

Plaintiff intends to offer testimony and information that as retaliatory tactics, methods of harassment and to punish Plaintiff an officer lied and stated Mr. Tyler spit on him so they could place Plaintiff in Punitive Segregation and send him to Riverhead. That the camera footage will show that he didn't spit on anyone. That ~~the~~ the officer was calling him racial slurs and obscenities. The officer then notified staff on the radio and the same Sgt. John Doe #6 came to do the incident report or take the statements from the officer. The ~~officer was~~ officer never removed the shirt Plaintiff allegedly spit on further proving he was never spit on and that the officer even served Mr. Tyler his dinner tray. ~~the~~ The Correction Staff used this false spitting incident to have a Doctor (John Doe #7) Mr. Tyler was never scheduled to see, conduct an evaluation to improperly remove Mr. Tyler from his wheelchair once again and remove him from medical housing once again in order for the officers to send Mr. Tyler to Riverhead to be physically punished again. ~~the~~ ~~Doe~~ Mr. Tyler had just received a new ~~order~~ ORDER from his outside Plastic Surgeon Doctor that he was to take a shower daily and go straight to medical to have his wound wrapped after he washed it in the shower which is impossible for him to do in Riverhead with medical 100 yards from the housing unit. Plaintiff will also offer testimony that the fabrication of the spitting incident led directly to the assault and maltreatment of Plaintiff in BMHU housing.

## INCIDENT # 13 NARRATIVE:

Plaintiff intends to offer testimony and information that after the Doctor improperly removed him from medical housing and his ~~B~~ wheelchair a plethora of officers immediately began to punish him by forcing him into a restraint chair to apply physical pain to his body

by tightening the straps so tight that they cut off the circulation to his legs and arms. Officers then took him to a holding pen in booking where they beat him mercilessly punching him on repeatedly in the chest, ribs, face, torso and even his legs telling him that he was going to walk and run when they finally free him from the straps. They knew they inflicted severe pain because they had an officer monitor him which the officer only sat at a table nearby. They also had the nurse come take his vitals every 15 minutes in an attempt to ensure he doesn't die on them. Mr. Tyler cried and pleaded to be released and when they finally did he used all the adrenaline and strength he could to get out away from them. Officers still needed to help him to the car and the officer helping him put him in another arm bar submission move trying to inflict more pain. Once in the car the officer reached in the car and punched him in the face. Once in Riverhead officers dragged him into his cell and ~~provide~~ did not provide any medical attention. Plaintiff will also offer witness testimony of the phone call he made to his wife about the incident and asking her to call Internal Affairs and the conversation she had with Internal Affairs.

## INCIDENT # 14 NARRATIVE:

Plaintiff intends to offer testimony or information that he was missing several legal documents and papers he believes was discarded by John Doe #6 (Sgt.) because many papers pertaining to him were missing. Also the Sexual Harassment grievance written against the same Sgt. (prior to the discarding of his papers) was never filed although he has proof that the grievance was ~~filed~~ mailed which is why he believes John Doe #6 had motive to search ~~and~~ ~~discard~~ his papers and discard many of the papers.

## INCIDENT # 15 NARRATIVE:

Plaintiff intends to offer testimony or information that

Nurse Jane Doe #2 visited him at his cell in BMHU and refused to provide him medical attention for the many illnesses, bruises, throwing up and wrinsting blood that he explained to her saying that if he couldn't walk to medical approx. 200 yards away with his injuries then he wouldn't be treated at all and it would be considered a refusal for medical treatment.

## INCIDENT # 16 NARRATIVE:

Plaintiff intends to offer testimony or information that John Doe #8 came to his cell and threatened him to make him walk down to medical irrespective of his injuries and inability to walk there. John Doe #8 yelled obscenities at Mr. Tyler meant to degrade and insult his character. John Doe #8 told him that he could no longer refuse medical attention and that if he didn't get up and walk down to medical like a man he was going to go to the hospital on a stretcher. Plaintiff explained to John Doe #8 several times that he couldn't walk and that he didn't want any problems. John Doe #8 said "Yeah okay you'll see I'll be back." John Doe # 8 then returned later with a Demolition Team that was instructed to assault Mr. Tyler with quick precision and to cause damage that would require hospitalization. The Demolition Team rushed into Mr. Tyler's cell and as Mr. Tyler complied by laying face down on his bed and placing his hands behind his back to be cuffed the Demolition team cuffed him and then lifted him up off the bed by his arms and legs and intentionally piled drived him down into the concrete with maximum force face first meant to cause maximum damage to Mr. Tyler's face whereas they broke his jaw in 3 places, knocked one of his teeth completely through his gums where it had to be removed prior to surgery on his jaw, dislodged and shifted nearly all of his teeth in which he'll need braces, split his chin, caused a concussion and other permanent damage. After the assault the

demolition team threw him in a restraint chair torture chair roughly, placed a mask over his face to hide the injuries from the camera, strapped him in extremely tight to restrict his blood flow and cause pain while he was handcuffed and shackled with the shackles and cuffs biting into his arms and legs. They wheeled him downstairs near the medical unit and placed him in a holding cell while he was leaking blood all over instead of taking him directly to the Doctor. They placed him in a cell so that John Doe # 8 could conspire with the Doctor and nurse to cover up the assault by not sending him to a hospital due to him noticing that Mr. Tyler was bleeding profusely. Plaintiff told a nurse who came to the holding cell (before he saw the Doctor) that his jaw was broken and they still left him sitting there as a torture method. And also that nurses on three occasions came to attend to Mr. Tyler's chest pains and they observed injuries to his jaw and the bleeding from his chin and mouth and refused to send him to the hospital because the Doctor John Doe # 2 ordered that Mr. Tyler was medically clear to be sent to his cell and fit for confinement. They ignored his medical pleas until he passed out unconscious approx. 8 hours after the assault and then a nurse that realized his need for immediate medical attention sent him to the hospital to save his life.

## INCIDENT # 17 NARRATIVE:

Plaintiff intends to offer testimony or information that the Doctor John Doe # 2 intentionally retaliated against him by refusing to send him to the hospital after witnessing the severity of his injuries and being told and begged by the Plaintiff that he couldn't move his jaw at all and that it was broken, that his chin was split and that he passed out and was dizzy from the head injury. John Doe # 2 also refused to send him to the hospital purposely to cover up the assault by officers, he didn't provide no treatment or give Mr. Tyler any

any pain or antibiotic medication. He simply said, "Yeah okay whatever you're not going anywhere. I run the show." This was gross medical negligence by the 1 Doctor in the entire Facility that should have known better. He conspired with officers to keep the assault covered up.

## INCIDENT # 18 NARRATIVE:

Plaintiff intends to offer testimony or information that John Doe #9 lied stating Plaintiff spit on him as explained in incident #12 and that his lie led directly to the incident that broke his jaw (incident #16) and the incident where officers assaulted him to where he was pissing and throwing up blood (incident #13). John Doe #10 used said lie to place Mr. Tyler on cuff/shackle restraints. This was a collective conspiracy to inflict Cruel and Unusual Punishment. Plaintiff Due Process was violated.

## INCIDENT # 19 NARRATIVE:

Plaintiff intends to offer testimony or evidence that John Doe #11 assisted officers in covering up or discarding some of his grievances because not only does many of his grievances not get filed, but the officers always know about them and Mr. Tyler always receives retaliatory treatment afterwards. John Doe #11 also fails to officially and properly investigate the grievances. He signs that certain situations are unsubstantiated or unfounded even when there is video footage supporting the entire grievance. John Doe #11 seems to find whatever reason he can to deny a grievance and often these reasons prevent Mr. Tyler from appealing. It also seems fishy that ALL of his grievances that mention the most heinous actions and physical abuse ALL come up missing and unfiled.

## INCIDENT # 20 NARRATIVE:

Plaintiff intends to offer testimony or information that the Law Library has been providing inadequate services. Many of weeks they weren't providing him any services at all. Between 11/24/20 and 12/07/20 Plaintiff could not get any services. They would only

provide 1 hour per week and rarely a second hour. They won't provide legal supplies, paper, manilla envelopes, they limit the copies, etc... The jail has used many excuses to hinder his access to proper Law Library services and supplies to prevent him from properly Prosecuting his Claims against their constituents.

## INCIDENT # 21 NARRATIVE:

Plaintiff intends to offer testimony or information that the officers and the medical staff purposely have unidentifiable identifications to prevent inmates from identifying whom they come in contact with so that they can get away with misconduct. When asked for identification numbers officers and medical staff consistently refused to provide them and told him to just use the date and time and the department will figure it out, but if at the moment an inmate doesn't have the correct date and time it's even more likely that the officer or medical staff will get away with the malfeasance. Officers consistently have an elastic band around their badge that appears to be holding it in place, but it actually covers the tiny badge numbers that are already unrecognizable.

## INCIDENT # 22 AND 23 NARRATIVE:

Plaintiff intends to offer testimony or information that both Warden Franchi and Sheriff Toulon are the Head/Top Oversight and supervising officers of the entire Department in both Riverhead and Yaphank jail that have signed off on many, if not all, of the policies and procedures that give their subordinate officers the authority and discretion to conduct many practices that allow them to infringe on the inmates Constitutional Rights. They also do not exercise proper oversight in ~~disciplining~~ disciplining or firing their officers which gives their underlings the temerity and effrontery to continue their malignant behaviors knowing they won't be punished.

List of witnesses and anticipated testimony:

1) One of the Dental assistants from Stony Brook Hospital who observed Plaintiff's injuries upon entry to Stony Brook who can attest to the obviousness of the need for immediate medical attention and the neglect by the Head Doctor. Also the nature of the entire surgery process Plaintiff underwent. The assistants name is unknown, however, Plaintiff knows his face if he sees it.

2) Dr. Michael Proothi from Stony Brook Oral Surgery to attest to the severity of Plaintiffs injuries and the surgery he performed.

3) Plaintiff's Mother (Marsha Tyler, 5415 Albemarle Rd. #H, Charlotte, N.C. 28212) and his wife (Janee Cooper, 1147 North Country Road, Stony Brook, N.Y. 11790). They will both testify to receiving calls and text messages from an inmate's family who was on the same unit with Plaintiff when officers broke his jaw. The text messages relayed to them that Plaintiff's jaw was broken to prove that Mr Tyler was well aware of the exact injuries he suffered based on the immobility of his jaw. Also Plaintiff's wife will testify to any and all calls and reports she made to Internal Affairs about the broken jaw incident, the sexual harassment incident, the pulling the wheelchair from under Plaintiff incident and the incident when officers placed Plaintiff in restraint chair and beat him mercilessly.

4) Plaintiff will also attempt to obtain statements or testimony from the good samaritans who texted his Mother and Wife (contact names and addresses presently unknown) about his jaw being broken to attest to the intensity, seriousness, urgency, and severity of the call about the assault and injuries.

5) Plaintiff intends to have the Inmate, who had his family text Plaintiff's Mother and wife, subpoenaed to attest to him witnessing the assault and the fact that John Doe #8 threatened to have Plaintiff sent to the hospital on a stretcher if he didn't walk down to medical and that Plaintiff

immediately explained to him ~~after being told~~ that they broke his jaw even before they wheeled Plaintiff to see the Doctor.

b) Testimony from any other inmates that were present on 11/20/20 when they broke Plaintiffs jaw.

7) Plaintiff wants to have Mr. Richard Greene 140535 (D.O.B. 7-18-64) subpoenaed from state Prison to either testify in person or write a formal statement that he observed the alleged false spitting incident (incident #12) and that he saw that Mr. Tyler in fact did not spit at all on the officer and that when Plaintiff left greene in medical housing on 11/11/20 his jaw was not broken and when he returned to medical housing on 11/20/20 his jaw was wired shut.

8) Expert testimony that it was erroneous and illogical for the Doctor (Jane Doe #1) and Sgt. (John Doe #6) to force Mr. Tyler to walk with crutches (incident #8) with his injuries to his wrist and leg and the potential to cause further injury as a result of this medical negligence.

9) Expert testimony that the Doctor (John Doe #2) in incident #10) made an erroneous and illogical decision to force Mr. Tyler to put all of his weight on his right knee while navigating with crutches with a left wrist injury and the potential to cause further injuries to his knee if he attempts to as a result of this medical negligence.

10) Expert testimony that John Doe #2 should have known based on Plaintiff's injuries (in incident #16) after the assault that broke his jaw Mr. Tyler should have been sent to the Hospital for the injuries and concussion protocol immediately.

# EXHIBITS:                              PAGE 1 of 1

Exhibits #1: All exhibits already filed with the Courts

Exhibits #2: All medical records

Exhibits #3: Medical Restraint Chair

Exhibits #4: All grievances filed by Plaintiff and responses to grievances filed by the grieved party

Exhibits #5: All video footage of incidents and occurrences within each of Plaintiff's grievances ~~read the month~~

Exhibits #6: All Inmate Disciplinary reports, hearings and dispositions

Exhibits #7: All Police reports in regards to injury to Plaintiffs leg from dog bite

Exhibits #8: Copies of Log books in any housing unit Plaintiff was housed in during any of the incidents within Claim and any housing unit he was housed in during any grievances.

Exhibits #9: Any Supervisor and officer reports

Exhibits #10: Any disciplinary, Misconduct reports or grievances against any of the defendants in Plaintiff's claim.

Exhibits #11: Any witness statements

In order for an accurate request for discovery Plaintiff will need the correct names and addresses of the following defendants:

1) John Doe # 1
2) John Doe # 2
3) John Doe # 3
4) John Doe # 4
5) John Doe # 5
6) John Doe # 6
7) John Doe # 7
8) John Doe # 8
9) John Doe # 9
10) John Doe # 10
11) John Doe # 11
12) Jane Doe # 1
13) Jane Doe # 2
14) All officers involved in Incident # 13
15) The Demolition Team
16) The Grievance Officer 1408

# DISCOVERY

## INCIDENT #1:

Any and all police reports, injury reports and incident reports in regards to the dog bite.

Any body camera footage from the Officer Petersen or any other officer(s) involved in Plaintiffs apprehension.

Any police reports made at the hospital.

All medical records and photos in regards to the dog bite.

Any and all Police Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against Officer Petersen, K-9 dog brick or any of the officers involved in Plaintiffs apprehension.

All police photos.

Any witness statements.

## INCIDENT #2:

Any and all Correction Officer reports in regards to this incident.

The Prison video footage depicting this incident from all angles.

Any medical reports of Plaintiff's complaints or the fact Doctors or Nurses did not report it.

Any grievance the Plaintiff wrote and the unjustified denial of grievance along with any reports by officers.

Any and all Correction Officer Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the officer who pulled the chair from under Plaintiff.

Any witness statements.

Supervisor reports.

Injury to inmate reports.

Investigatory records including statements and complaint.

Log book report of this incident in Housing Unit F-Pod.

Officers name and badge number from this incident.

## INCIDENT # 3:

Medication records of the types of medications and the times Plaintiff was medicated between the dates of 9/17/20 to 9/31/20, for all 3 times per day.

Plaintiffs grievance filed and the unjustified denial of grievance along with all responses by Doctors and officers.

Any and all Doctor Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the Doctor involved in this incident both within the jail and against his license outside of the jail.

## INCIDENT # 4:

Any reports by the Nurse who re used Plaintiff's dirty bandages.

Video footage depicting the Nurse coming to Plaintiff's cell without any supplies.

Any officer reports or supervisor reports.

Any witness statements.

The order from Plaintiff's plastic surgeon doctor of the treatment plan to be followed in regards to his twice a day wound care stating that wound care must be changed, cleaned, rinsed and new bandages applied.

Any and all Nurse Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the Nurse involved in this incident both within the jail and against his license outside of the jail.

The grievance Plaintiff filed and the unjustified denial of grievance along with all responses by medical staff and officers.

## INCIDENT # 5:

Any and all medical documents/reports of reason for

removal from medical housing as well as removing him from his wheelchair.

Any and all papers prescribing crutches and physical therapy on how to utilize them.

Video footage depicting everywhere he was in the jail on this day.

Any medical reports of the medical staff conducting his wound care.

Any other medical reports.

Any and all medical misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the Doctor who signed off on Plaintiffs removal from wheelchair and medical housing both within the jail and against his license outside of the jail.

Any Supervisor reports.

Inmate transfer sheets/reports and reason for transfer.

Any disciplinary reports, hearing records and dispositions.

## INCIDENT # 6:

Same discovery as Incident #5.

## INCIDENT # 7:

Any Doctors and/or nurse reports from the Doctor and/or nurse in Riverhead.

Any video footage depicting Plaintiff from all angles in regards to said incident.

Any incident and injury to inmate reports filed by both officers involved, medical staff, witnesses and supervisors.

Any witness statements.

Any and all Internal Affairs phone recordings from my wife and any reports, transcripts and final dispositions of said report in regards to this incident.

Any and all Correction officer Misconduct reports, disciplinary records, transcripts and final dispositions of

disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the officer who bent and banged Plaintiffs wrist against the wall.

## INCIDENT #8:

All discharge papers and Doctors reports from the outside Hospital in regards to wrist injury.

Any incident or injury reports by the Sgt. who forced Plaintiff to walk with crutches

Any video footage depicting all angles of Mr. Tyler and the Sgt. at all times when Mr. Tyler returned from the Hospital all the way up until Plaintiff was taken to his cell.

Any supervisor reports.

Any witness statements.

Any and all Correction officer/Sgt. Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the Sgt. who forced Plaintiff to walk with crutches.

## INCIDENT #9:

Any and all Doctor reports from the jail Doctors and/or nurses as well as reports from Jane Doe #1 after Plaintiff's return from the hospital.

All video footage of Plaintiff from the time he was taken into the room with Jane Doe #1 up until he got to his cell.

Any witness statements

Any supervisor reports

Video footage depicting Plaintiff going to his visit on 10/06/20 showing his inability to properly use crutches.

Any and all Doctor Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the Doctor involved in this incident both within the jail and against her license outside of the jail.

## INCIDENT #10:

Any and all Doctors reports from John Doe #2 and/or any other Doctor or Nurse reports filed or signed off on for the day of 10/08/20.

Any injury to inmate ~~and~~ and incident reports filed by officers and Doctors/Nurses.

Video footage of the incident.

Video footage of Mr. Tyler improperly using crutches to walk and see Internal Affairs on 10/07/20.

Any witness statements ~~on report~~ and supervisor reports.

Mr. Tyler's grievance filed in regards to this incident and the unjustified response/denial of grievance along with any reports by medical staff or officers in regards to grievance.

Discharge papers from outside hospital that said Minimal Weight bearing on right Knee and not full weight.

Any and all Doctor Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against ~~the~~ John Doe #2 both within the jail and against his license outside of the jail.

## INCIDENT #11:

Video footage of Booking during the time of incident depicting the sexual ~~assault~~ harassment and assault.

Any incident reports

Supervisor Reports

Witness statements

Medical reports of injury to Plaintiff's shoulder reported to Nurse immediately after incident.

Any Inmate injury reports

Any and all Correction Officer and Sgt. Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the ~~officer~~ Sgt. who yanked Plaintiff by the shoulder.

## INCIDENT #12:

Any and all medical call lists to see the Doctor for the day.

Doctor reports or statements from John Doe #7.

Video footage from all angles depicting the falsely accused spitting incident in medical housing.

Doctor notes stating that Plaintiff didn't need any ambulatory equipment to assist him with walking.

Any incident reports

Any injury to inmate reports

Witness statements

Any disciplinary infractions against Plaintiff for any charges that resulted from that day, any hearings as a result of the disciplinary charges and any dispositions.

Any supervisor reports

Any and all Correction Officer or Doctor Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the officer who lied and said Plaintiff spit on him and against John Doe #7 (Doctor) both filed within the Facility and outside the Facility against his medical license.

## INCIDENT #13:

Any medical reports by John Doe #7 (Doctor) or any other medical staff on the date of incident.

Any reason for removal from wheelchair and removal from medical housing.

Any appointments for Physical Therapy.

Any incident or injury reports by correction staff for Plaintiff for the entire day.

Any reports of reason/justification for placing Plaintiff in restraint chair.

Any medical reports from Riverhead Facility upon Mr. Tyler's entry to the Facility.

Any custody transfer records.

Inmate processing records.

Witness statements

Any reports from any Correction Officers in regards to incident # 13 and 12.

Video footage depicting all angles of any and all areas Mr. Tyler was during the entire day.

Any suicidal or mental health reports

Special watch reports

Nurse who took vitals reports

Any and all Correction Officer Misconduct reports, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against the officers ~~who present the cover him under a~~ or supervisors who were present during any interactions with Mr. Tyler between the time of the alleged spitting incident up until he was driven off of the premises by deputies. ~~and cop~~

Any records of Internal Affairs calls from Plaintiffs wife and/or any transcripts/reports taken from Plaintiff.

## INCIDENT # 14:

Any video footage of his cell after he was removed from his cell up until his property was packed to depict which officers were in his cell packing his cell and brought his property out of his cell and every area where his property was taken after it was taken out of his cell. Video must depict his property throughout the moving from area to area.

Packing reports and property receipts.

## INCIDENT # 15:

Any and all medical and psychiatric reports by any Nurse, Doctor or Psychiatrist for the entire duration of the time Mr. Tyler was housed in Riverhead Facility between 11/11/20 and 11/20/20

Any video footage pointing to Mr. Tyler's BMHU cell (4) the entire time Mr. Tyler was housed in Riverhead BMHU Housing unit, a video depicting any times he was removed from his cell and all areas he was taken to.

Any mental health and suicide watch reports
Log book reports for that area
Any supervisor reports
Witness statements

## I N C I D E N T # 16:

Any and all officer reports of incident
Witness statements
Inmate statements
Any and all injury to inmate reports
Supervisor, Lt, capt. and Security reports
Investigatory reports/records
Handheld video camera footage of the incident
Video footage of the Mr. Tyler's cell area from all angles outside inmates cell
Video footage of John Doe # 8 conferring with Demolition Team prior to Assault.
Video footage of Mr. Tyler wherever he was for that entire day
Video of John Doe # 8 talking to John Doe # 2 before they wheeled Mr. Tyler to see John Doe # 2 after incident # 16 broken jaw.
Any reports from the nurses who came to see Plaintiff on the three occasions after broken jaw incident and prior to him passing out
Any reports from nurses when Plaintiff was sent to Hospital after passing out
Log book reports from all areas supervising the area Mr. Tyler was in BMHU
Any and all Correction Officer Misconduct reports, disciplinary records, transcripts and final dispositions of

disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against John Doe #8 and all members of Demoliton Team

Inmate disciplinary infractions written for that day, any hearings for said infraction(s) and dispositions of hearings for said infractions

Any and all Internal Affairs reports and recordings of calls from Plaintiff and his wife in regards to said incident as well as any investigatory transcripts or decisions

INCIDENT #17:

Any and all Doctor reports of the incident

Reports of injury by Nurses and Doctors

Treatment Orders

Appointments to see Dentist or any specialists on date of incident by Doctors or Nurses

Medications prescribed and/or administered due to incident of broken jaw

Video footage of medical unit depicting all medical staff entering room where Plaintiff was evaluated immediately after incident

Doctor and Nurse diagnosis of injuries

Witness Statements

Supervisor reports

John Doe #8 written reports

Any and all Doctor Misconduct reports, medical negligence reports/complaints, disciplinary records, transcripts and final dispositions of disciplinary proceedings, complaints and grievances ever filed whether sustained or dismissed against John Doe #2 both within the jail and against his medical licence

INCIDENT #18:

Any and all disciplinary reports for Plaintiff, incident reports, classification reports, security reports, supervisor reports, witness statements.

## I N C I D E N T # 19 :

All grievances Plaintiff filed

Any and all investigatory reports or supervisor reports in regards to the grievances Plaintiff filed

Any reports by the Warden in regards to Plaintiff's grievances and reasons supporting his denials

CCRB results

Video footage of all incidents complained of by Plaintiff within his grievances.

## I N C I D E N T # 20 :

Law Library Log books from 11/24/20 to present

## I N C I D E N T # 21 :

Any officers badge or photo of any badge to show how impossible it is for anyone to recognize the numbers to identify the officer.

Also the badge holder that nurses wear around their neck that hinders the recognition of their identification numbers

## A D D I T I O N A L  D I S C O V E R Y :

Photos of restraint chair and bring restraint chair as evidence in trial

Video footage of officer Berkowitz and his partner shoving, manhandling and bending Plaintiff's wrist in medical housing on

Video footage of Plaintiff's cell when Nurse refused to provide medical attention to Plaintiff in A-Pod on when he complained of chest pains. Incident connected to grievance # Y-2020-163 in regards to medical negligence

Video footage when officers threw Plaintiff out of his wheelchair to give to another inmate for a visit and never brought Plaintiff his wheelchair back on 10/13/20. Incident connected to grievance # Y-2020-163

Video footage of Plaintiff's cell after he returned from hospital on February 17, 2021.

Dates of all outside medical appointments refused by Plaintiff and any refusals signed or refusals Plaintiff allegedly refused to sign.

A paper copy of entire medical records

# AFFIDAVIT OF SERVICE

CASE #: 20-CV-06186

DOB: 10-06-1979

I, Milo Tyler, being duly sworn deposes and says:

On the 10 day of June, 2021 I served by mail, a true and accurate copy of my proposed written narrative, witness list and anticipated testimony, exhibits and discovery requests, to be served upon the following interested parties via the UNITED STATES POSTAL SERVICE:

| | |
|---|---|
| Clerk of Court | Attn: Brian Mitchell ACA |
| United States District Court | Suffolk County Dept. of Law |
| Eastern District of New York | H. Lee Dennison Bldg |
| Courtroom 910 | 100 Veterans Memorial Highway |
| 100 Federal Plaza | P.O. Box 6100 |
| Central Islip, N.Y. 11722-9014 | Hauppauge N.Y. 11788 |

_Milo Tyler_

Sworn to Before me this

9th day of June, 2021

110 Center Drive

Riverhead, N.Y. 11901

NOTARY PUBLIC

Dominick Zaremba
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in Suffolk County
01ZA6396748
MY COMMISSION EXPIRES 08/26/2023

Dominick Zarcone
STATE
OF NEW YORK
NOTARY PUBLIC
COMMISSION EXPIRES
01ZA6846343



Milo Tyler 761477
C/o Suffolk County Jail
110 Center Drive
Riverhead, N.Y. 11901

Clerk of Court
United States District Court
Eastern District of New York
Courtroom
100 Federal Plaza
Central Islip, N.Y. 11722-9014

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 25 2021 ★
LONG ISLAND OFFICE