UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MILO D. TYLER,

                Plaintiff,

      -against-

SHAWN PETERSEN, Police Officer, 4th Precinct,
et al.,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-6186 (JMA) (AKT)

**FILED**
**CLERK**
10:46 am, Sep 13, 2021
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court are several applications submitted by plaintiff Milo D. Tyler ("Plaintiff"): (1) to reconsider the Court's prior order on his order to show cause, (ECF No. 13); (2) to move Plaintiff to another facility, (ECF No. 14); (3) an application docketed as a motion to compel but containing additional narrative regarding retaliation, (ECF No. 18); (4) to move Plaintiff to a private room during a Court teleconference, (ECF No. 23); (5) to appoint pro bono counsel to represent him in this case, (ECF No. 25); and (6) to intervene in Plaintiff's on-going state court criminal prosecution, (ECF No. 27). The Court addresses each application in turn.

## DISCUSSION

### I. Motion for Reconsideration

The Court denied this application at the April 7, 2021 conference. The Court has considered Plaintiff's arguments raised in reply to Defendants' opposition to his order to show cause and adheres to its original decision.

### II. Request to Move Facilities

The Court denied this application at the April 7, 2021 conference because this Court lacks

1

any authority over his facility assignment.

    III.    <u>Motion to Compel</u>

The Court denied this application at the April 7, 2021 conference, and Magistrate Judge Tomlinson separately addressed this application, along with Plaintiff's related applications, during the conference she held on August 3, 2021. The Court reiterates Judge Tomlinson's directive: "any incidents which may have occurred after his complaint was filed cannot be considered by this Court or Judge Azrack unless the plaintiff files a motion to amend his complaint to incorporate those incidents." (ECF No. 39.)

    IV.    <u>Request for a Private Room During the Court's April 21, 2021 Teleconference</u>

By letter dated April 11, 2021, Plaintiff complains that, during "the telephone conference they made me sit in a room with an officer close by listening. I know on our next conference I will more than likely be very emotional and I am discussing very sensitive topics about their colleagues. Therefore, I am requesting that you order them to place me in a private room without officers' presence." (ECF No. 23.) Given that the April 21, 2021 teleconference has already occurred, Plaintiff's application is denied as moot.[1] Moreover, the conference was a public court proceeding. Additionally, in accordance with the United States Supreme Court's guidance that the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them," <u>Overton v. Bazzetta</u>, 539 U.S. 126, 132 (2003), the Court declines to grant Plaintiff's request for this additional reason.

---

[1] Notably, Plaintiff did not raise this issue during the teleconference.

V. <u>Request for Intervention in Plaintiff's On-Going State Court Criminal Prosecution</u>

By letter dated April 26, 2021, Plaintiff again requests that the undersigned intervene on his behalf in the underlying state court criminal prosecution. (ECF No. 27.) As the Court made clear during the teleconferences on April 14, 2021 and April 21, 2021, this Court abstains from intervening in the state case. Nevertheless, given the nature and seriousness of Plaintiff's allegations concerning the conditions of his confinement, the Court ordered Plaintiff's criminal defense attorneys to participate in the April 21, 2021 teleconference and confirmed that these issues have been brought to the attention of the state court judge presiding over Plaintiff's criminal prosecution to the extent possible. (<u>See</u> ECF Nos. 21 and 24.) Accordingly, this application is again denied. Plaintiff is cautioned that his continued filing of repetitive applications seeking relief that has already been denied is a waste of limited judicial resources and may result in the imposition of sanctions should Plaintiff continue this course of action.

VI. <u>Application for the Appointment of Pro Bono Counsel</u>

By letter dated April 25, 2021 addressed to the undersigned, Plaintiff requests that <u>pro bono</u> counsel be appointed to represent him in this case. (ECF No. 25.)[2]

Pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" <u>Cooper v. A. Sargenti Co., Inc.</u>, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting <u>Jenkins</u>

---

[2] In addition, in an undated letter filed on May 17, 2021 and addressed to Magistrate Judge Tomlinson, Plaintiff again requested the appointment of <u>pro bono</u> counsel and apprised the Court that he "is currently involved in conversation[s] with an attorney whom is contemplating representing him in the instant claim." (<u>See</u> ECF No. 30.) During a Court conference on August 3, 2021, after Plaintiff apprised the Court that the prospective attorney would not be representing him, Magistrate Judge Tomlinson terminated the application in deference to the pending application before the undersigned. (<u>See</u> ECF No. 39 at ¶ 11.)

3

v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. See Brooks v. State of New York, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit). Further, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" Ahmad v. White Plains City School Dist., No. 18-CV-3416, 2020 WL 3972274, at *2 (S.D.N.Y. July 14, 2020) (citing Morris v. Moran, 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting Hodge, 802 F.2d at 61 ("In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered."); also citing Justice v. Kuhnapfel, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that [ ]he is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)).

The Court has reviewed Plaintiff's application, together with the complaint and the record, and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture,

4

to conclude—after considering the Hodge factors in the context of Plaintiff's application and the complaint—that the appointment of counsel is warranted. Notwithstanding the concerns raised in Plaintiff's motion, he has demonstrated an ability to make applications to the Court and to participate in Court conferences and discovery. Thus, the Court concludes that Plaintiff is able, at this stage of the litigation, to prosecute his case, and there is no special reason to appoint counsel.

Accordingly, Plaintiff's application for the appointment of counsel is denied without prejudice to Plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to Plaintiff's hiring his own counsel to represent him in this matter.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's pending applications. His application for the appointment of pro bono counsel is denied without prejudice to Plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to Plaintiff's hiring his own counsel to represent him in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff at his address of record.

**SO ORDERED**.

Dated: September 13, 2021
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE