UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MILO D. TYLER,

               Plaintiff,

      -against-

SHAWN PETERSON, SGT. DONALD SHERRILL,
SHERIFF ERROL D. TOULON, WARDEN
FRANCHI, et al.,
               Defendants.
-----------------------------------------------------------------X

**DECISION AND ORDER**
20-cv-06186 (JMA) (JMW)

Milo D. Tyler
761477
Suffolk County Correctional Facility
110 Center Drive
Riverhead, NY 11901
*Pro Se*

Brian C. Mitchell
**Suffolk County Dept. of Law**
100 Veterans Memorial Highway
P.O Box 6100
Hauppauge, NY 11788
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

      Before the Court is pro se Plaintiff Milo D. Tyler's motion to compel, seeking a directive to have Defendants preserve certain video footage recorded at Suffolk County Correctional Facility and to sanction Defendants if certain footage is no longer able to be retrieved. (DE 104.) The motion is contested in its entirety by the Defendants. (DE 106.)

                                    **I.**       **BACKGROUND**

      Plaintiff alleges various violations of his constitutional rights by members of the Suffolk County Police Department and Suffolk County Sheriff's Department. (DE 54; DE 114.)[1]

---

[1] On June 18, 2022 (docketed to ECF on June 23, 2022), Plaintiff filed a proposed second amended complaint ("Second Amended Complaint). (DE 114.) During a June 24, 2022 Status Conference ("June

1

Plaintiff's amended complaint consists of over twenty "incidents" involving the excessive force during Plaintiff's arrest, physical, mental, and emotional harassment during his incarceration, denial of adequate medical care by facility staff, and retaliation. (*Id.*) Plaintiff further alleges that the individual in charge of processing grievances at the facility, did not properly investigate grievances but instead arbitrarily and intentionally denied his grievances and/or purposely threw them away. (*Id.*)

On May 19, 2022, Plaintiff filed a letter titled "Motion to Compel *video footage*" ostensibly seeking an order from the Court compelling Defendants to preserve certain video footage recorded at Suffolk County Correctional Facility. (DE 104.) Specifically, Plaintiff seeks preservation of the video footage from the camera above cell number 1 in the medical Housing Unit on February 23, 2022, between 7:10 pm and 7:30 pm, which he avers will depict a nurse distributing Plaintiff's medicine with no gloves, without use of hand sanitizer, and without a COVID-19 face mask. (*Id.*) Plaintiff states that he previously sent defense counsel a request that this video footage be preserved on both March 4, 2022, and March 27, 2022.[2] (*Id.*) According to Plaintiff, defense counsel informed Plaintiff that he forwarded Plaintiff's request to the FOIL Officer, Kevin O'Reilly, as a FOIL request. (*Id.*) As a result, each of Plaintiff's requests were denied under Public Officers Law Section 87.2(f) (permitting an agency to deny access to

---

24 Status Conference"), the Court inquired as to whether the proposed Second Amended Complaint incorporates the claims from the Amended Complaint (DE 54) or the Second Amended Complaint was intended to replace the Amended Complaint entirely. Plaintiff stated that he intended for the claims in the proposed Second Amended Complaint to be added to those in the Amended Complaint but due to his limited access to resources, was not able to copy all of the claims over to the new pleading. Instead, Plaintiff incorporated his prior claims by reference. (*See* DE 114) ("This is an Amended complaint to add additional claims and 4 additional defendants in claims that arose as retaliation for the original complaint and retaliation for plaintiff exercising his right to redress through the grievance procedures.") Defense counsel consented to the filing of Plaintiff's amended pleading. (DE 25.)

[2] Plaintiff subsequently explained during the June 24 Status Conference that Plaintiff made this request more than once because the referenced footage is relevant to Plaintiff's claims in multiple actions, including this action and *Tyler et al v. Toulon et al.* (2:21-cv-06745-JMA-JMW).

2

records that "if disclosed could engager the life or safety of any person") and that further "video footage cannot be stored in any media format in inmate housing units" and requests to view footage should be made through the attorney visiting process. (*Id.*) During the June 24 Status Conference, Plaintiff explained he appealed these denials, but was unsuccessful. Plaintiff further explained that the requested video footage is relevant to his claims because it will demonstrate that even in light of video evidence showing improper conduct by facility staff, Defendants continuously, and without reason, denied his grievances without conducting a proper investigation.[3]

This motion is the latest—and certainly not the first—time Plaintiff has requested that Defendants preserve certain video footage and audio recordings:

- On January 3, 2022, he requested that video footage be preserved from the Yaphank Infirmary for the date of September 12 to 26, 2021, between the hours of 6:30 AM to 8:30 AM and 2:30 PM to 4:30 PM and for the dates of October 18 and 19, 2021, between the hours of 7:00 AM to 3:00 PM, which will allegedly "depict officers and medical staff flouting the coronavirus protocols." (DE 74.)

- On February 14, 2022, he requested that video footage be preserved of the "main officers desk stationed in the Infirmary" on December 19, 2021, between the hours of 1:15 PM to 2:00 PM, which will allegedly depict Mr. Jeremy Hazel being summoned to the Infirmary while officers were not wearing their masks. (DE 84.)

- On February 14, 2022, he requested that video footage be preserved from the camera located above cell #1 in the medical Housing Unit where Plaintiff was housed on the dates of December 31, 2021, between the hours of 10:40 AM to 11:10 AM, on January 1, 2022, between 10:10 AM to 10:20 AM, on January 16, 2022, between 6:55 PM to 7:10 PM, and January 29, 2022, between 11:25 AM to 11:35 AM, which will allegedly "depict several officers walking through Mr. Tyler's Housing Unit with their masks either completely not on or down below their noses." (*Id.*)

---

[3] Plaintiff further explained these points in a reply letter, dated June 7, 2022. (DE 109.) Specifically, Plaintiff states "[t]he video request can PROVE that the grievance unit is biased and ineffective." (*Id.*) (emphasis in original). Pursuant to Rule 3(A) of the undersigned's Individual Practice Rules, replies are not permitted on discovery letter motions.

3

- On February 14, 2022, he requested that defense counsel "preserve the audio recordings for detainee's Mr. Nahriek Belford and Mr. Andrew O'Connell for the dates of November 20, 2020." (DE 85.)

- On February 14, 2022, he requested that the "video footage that was in question is now kept as evidence for his Habeas Corpus petition in that it purports how the Jail is placing him at risk of contracting COVID-19 in the past, present and future." (DE 87.)

- On April 4, 2022, he "request[ed] for the video footage from the camera above cell number 1 in the medical Housing Unit that will depict the cage that the nurse distributes the medication from on the date of February 23, 2022, between the hours of 7:10 PM to 7:30 PM." (DE 98.)

- On May 3, 2022, he requested that video footage be preserved that "depicts the officers desk in the infirmary on February 17, 2022, between the hours of 11:40 AM to 12:15 PM" and on February 23, 2022, between the hours of 7:10 PM to 7:30 PM, which will allegedly depict officers and nurses not wearing their masks and the cage that the nurses distribute the medication from. (DE 103.)

On June 1, 2022, the County opposed instant motion to compel arguing that the request to preserve footage is wholly unrelated to any of Plaintiff's claims insofar as the requested footage is from February 23, 2022, but the most recent claims alleged by Plaintiff occurred in November 2020.[4] (DE 106.) Further, the County argues that to the extent Plaintiff is dissatisfied with the outcome of his FOIL request, the appropriate remedy lies in an appeal of that decision through an action in State Court. (*Id.*)

## II. DISCUSSION

Parties to a lawsuit are duty bound to preserve relevant material, including electronically stored information ("ESI"), in anticipation of and during litigation under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(e). Therefore, an order from the Court directing a party to preserve evidence is not typically asked for or even needed. *Houston v. Coveny*, No. 14-CV-6609, 2017 WL 972124, at *1 (W.D.N.Y. Mar. 13, 2017) (citing *Micolo v. Fuller*, No. 15-CV-

---

[4] Since the County's opposition was made, Plaintiff has amended his pleading to include claims from June 2022. (DE 114.)

6374EAW, 2016 WL 158591, at *1 (W.D.N.Y. Jan. 13, 2016). However, a preservation order may be warranted where a party can demonstrate that evidence is some danger of being destroyed absent court intervention. (*Id.*) "Different courts have applied various standards in determining whether to enter a preservation order . . .but, at a minimum, the party seeking a preservation order must demonstrate that the evidence is in some danger of being destroyed absent a court order." *Micolo*, 2016 WL 158591, at *1 (citing *Treppel v. Biovail Corp.,* 233 F.R.D. 363, 370–72 (S.D.N.Y.2006) (collecting cases); *see also Jumpp v. Anaya*, No. 3:13 CV 1228 JBA, 2015 WL 2237516, at *1 (D. Conn. May 1, 2015) ("When considering motions to preserve evidence, courts generally apply a balancing test that weighs the specific, significant, and imminent threat of loss or destruction of evidence against the burden that preserving that evidence would impose").

To succeed in moving to preserve video and audio recordings, even in the pro se prisoner context, the moving party must proffer some evidence that there is a threat that the video or audio evidence will be destroyed. *Compare Houston*, 2017 WL 972124, at *1 (granting plaintiff's motion to preserve video and audio recording where plaintiff attached letters from the Department of Corrections and Community Supervision that the recordings Plaintiff requested via FOIL will be retained for only one year); *with Jumpp*, 2015 WL 2237516, at *1 (denying plaintiff's motion for an order to preserve, *inter alia*, video tapes because plaintiff did not provide evidence that the information in question was in danger of being destroyed).

Here, Plaintiff has not made a proffer of evidence, apart from simply his belief that video footage will be deleted in order to "protect the staff" at the facility, that the requested footage is in danger of being deleted. (*See* DE 104.) The Court has also reviewed the pleadings and docket independent of the instant motion to discern independently whether such risk was extant and found none. Accordingly, a preservation order is not warranted. Nevertheless, to be clear, Defendants

5

are under a duty to preserve evidence. Indeed, "anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (citing *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72 (S.D.N.Y. 1991)). "While a litigant is under no duty to keep or retain every document in its possession . . . .it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Id*. Here, Plaintiff has pled claims relating to the veracity of the grievance process (*see* DE 54) and thus Defendants have an affirmative obligation to ensure that any relevant evidence, include evidence in possession of the facility, is not destroyed, independent of a preservation order. *See Micolo v. Fuller*, No. 15-CV-6374EAW, 2016 WL 158591, at *1 (W.D.N.Y. Jan. 13, 2016) ("In other words, Defendants have an affirmative obligation to ensure that any relevant evidence (including evidence in the possession of DOCCS) is not destroyed and that obligation exists independent of a preservation order").

To the extent Plaintiff seeks sanctions in the event the requested video footage is no longer able to be retrieved, such request is denied as premature, without prejudice. Plaintiff may renew his request upon a showing that Defendants have violated a Court order or spoliation of evidence has occurred.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion to compel is hereby DENIED, without prejudice. Defendants are directed to serve a copy of this Order on Plaintiff at the address provided in his recent Notice of Change of Address (DE 118) and file proof of service on ECF.

Dated: Central Islip, New York
October 20, 2022

**S O  O R D E R E D:**

/S/ *James M. Wicks*
James M. Wicks
United States Magistrate Judge