| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>---x<br>MILO D. TYLER,<br><br>Plaintiff,<br>-against-<br><br>OFFICER SHAWN PETERSEN, individually and in his official capacity as a police officer of the SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY POLICE DEPARTMENT, JOHN DOE #1-15, JANE DOE #1-2, SERGEANT DONALD SHERILL, SHERIFF ERROL D. TOULON and WARDEN MICHAEL J. FRANCHI, individually and in their official capacities as Corrections Officers and/or employees of the SUFFOLK COUNTY SHERIFF'S OFFICE, THE SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY DISTRICT ATTORNEY RAY TIERNEY, individually and in his official capacity as District Attorney of the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and the COUNTY OF SUFFOLK,<br><br>Defendant(s).<br>---x | **AFFIRMATION OF EZRA B. GLASER ESQ. IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**<br><br>**Civil Action No.:**<br><br>**2:20-cv-06186-JMA-JMW** |

EZRA B. GLASER, of Ezra Glaser & Associates, an attorney duly licensed to practice in the United States District Court, Southern District ,and the courts of this state, with offices at 3021 Fort Hamilton Parkway, Brooklyn, New York, does affirm the following under the penalties of perjury:

1. Your Affirmant is the Senior Attorney in the law firm of EZRA B. GLASER & ASSOCIATES, the present attorneys for the Plaintiff, MILO D. TYLER, and, as such, I am fully familiar with the facts and circumstances herein.

2. Your Affirmant submits this Affirmation in Support of this Attorney's present Motion to Withdraw as counsel pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") and Local Rule 1.4 of the Southern and Eastern Districts of New York.

3. After extensive discussions between Your Affirmant and defense counsel in the within matter, a very tight discovery schedule was set for the holding of the depositions of the Plaintiff and the named defendants in the within matter. The Plaintiff, MILO D. TYLER, was scheduled for his deposition to begin on March 21, 2025, at 11:30 a.m.

4. Though the Plaintiff was never previously responsible for the adjournment of his deposition, numerous conversations were held with the Plaintiff in advance of his deposition, and his deposition was confirmed, and reconfirmed by members of this office.

5. Again, after the March 21, 2025 deposition was confirmed and reconfirmed by members of this office's staff, my staff was advised by the Plaintiff himself on the morning of the scheduled deposition only that the deposition should be rescheduled. I personally attempted to contact the Plaintiff several times prior to the scheduled deposition (as did a second member of my staff) without being told of any scheduling problems, and I did not know about Mr. Tyler's inability to appear until approximately 10:45 a.m. on the morning of March 21, 2025 (where the deposition was scheduled for 11:30 a.m.).

6. Without disclosing any matters discussed with the client, it is to be noted to the court that I had several conversations with the Plaintiff during the last few months regarding his case, and we have, at times, had some disagreements as to various issues pertaining to his case which Your Affirmant may discuss privately with the court. I do not necessarily believe that any of these issues have anything to do with the client's non-appearance for the deposition of March 21; however, there are clearly ***irreconcilable differences*** with the client at this point both due to his failure to appear for his

deposition, our inability to be able to contact him on the morning of his deposition, certain scheduling issues based on prior orders (leaving a short window to complete discovery) as well as certain disagreements with the Plaintiff himself which now causes me to request for this court to allow this office to withdraw as counsel and to stay the case for thirty days to give the Plaintiff an opportunity to decide whether to attain new counsel or to represent himself in this matter (as he did prior to this office's appearance).

7. As this court is aware, a letter motion for the relief requested was previously made, which was denied without prejudice upon resubmission of the present motion in Affidavit form.

8. Again, without revealing any confidences, no conversation has taken place with the client since his decision not to go forward with the scheduled deposition on March 21, 2025. On the aforesaid date, Your Affirmant served the aforesaid letter motion to withdraw as counsel. The Plaintiff has not, to date, expressed any position on Your Affirmant's request to withdraw as his attorney. This too supports the position that this firm cannot continue representation, where the Plaintiff himself is not in communication with this office.

***9. As Plaintiff's counsel, I do not wish to assert a retaining or charging lien in this matter.***

10. I therefore respectfully request that this court permit my law firm to withdraw as Plaintiff's counsel in this matter due to ***irreconcilable differences,*** or in the alternative, to allow Plaintiff to appear at a conference with the court to otherwise express his intentions as to this firm's continued representation of him in this matter.

11. Defense counsel, Stacey Skorupa, was advised that I would be making a request of this court to allow this firm to withdraw as Plaintiff's counsel, and defense counsel takes no position on this request.

12. I thank the court for its time and attention to this matter.

Dated: Brooklyn, New York
March 31, 2025

Ezra B. Glaser

Ezra B. Glaser, Esq.
(EG 3953)
Attorneys for the Plaintiff
MILO D. TYLER
3021 Fort Hamilton Parkway
Brooklyn, New York 11218
(212) 385-9300