UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MILO D. TYLER,

                Plaintiff,

      -*against*-

SHAWN PETERSEN *individually and in his official capacity as a police officer of the Suffolk County Police Department*, et al.,

                Defendants.
-------------------------------------------------------------X

**ORDER**

20-CV-06186 (JMA) (JMW)

**WICKS,** Magistrate Judge:

    Plaintiff Milo D. Tyler ("Plaintiff") commenced the underlying action against numerous Defendants[1] alleging violations of his rights pursuant to 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth Eighth, and Fourteenth Amendments of the United States Constitution, in addition to asserting claims for malicious prosecution and abuse of process under federal and New York State law, negligent retention and hiring, assault, and medical malpractice. (*See generally* ECF Nos. 1, 146.) On October 19, 2023, Plaintiff retained Ezra B. Glaser ("Glaser") to represent him in this matter. (ECF No. 141.) Before the Court is Glaser's motion to withdraw as counsel for Plaintiff. (ECF No. 174.) No opposition has been filed despite the parties being afforded the opportunity to do so.[2] (*See* Electronic Order dated March 24, 2025.) For the reasons stated herein, Glaser's motion to withdraw (ECF No. 174) is **GRANTED**.

---

[1] In addition to multiple "John Doe" Defendants and the County of Suffolk, the remaining Defendants—Shawn Petersen, Sgt. Donald Sherrill, Sheriff Errol D. Toulon, Warden Michael Franchi, and Ray Tierney—have been sued in their individual and official capacity.

[2] As part of Glaser's motion to withdraw, he submits an Affirmation of Service that he served his motion to withdraw and supporting documents upon Plaintiff via priority mail service to his address and sent those documents to Plaintiff's email address on March 31, 2025. (*See* ECF No. 174-3 at pp. 2-3.) Glaser notes that Plaintiff has not expressed any position on the request to withdraw. (ECF No. 174-1 at p. 3.)

1

## DISCUSSION

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999).) New York's Rules of Professional Conduct ("NYRPC")[3] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16(b)) and permissive (*see* NYRPC rule 1.16(c)).

The grounds proffered here, irreconcilable differences and failure to communicate, fall squarely within the permissive bucket. *See* NYRPC Rule 1.16(c)(7).[4] Indeed, satisfactory reasons for permissive withdrawal include "a client's lack of cooperation, including lack of

---

[3] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11 Civ. 9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[4] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." NYRPC rule 1.16(c)(7); *see also Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 (S.D.N.Y. Dec. 19, 2012) (citing the same).

communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014); *see also Liang v. Lucky Plaza Rest.,* No. 12–CV–5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case.)

When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant the application for withdrawal. *See Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y.1999) ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client."). Specifically, where an attorney is unable to communicate with his or her client, that is generally sufficient to find that the client has made it unreasonably difficult for counsel to effectively provide representation justifying an attorney's withdrawal.[5] *See Interpool, Inc. v. JJS Transp. & Distrib. Co.*, No. 22-cv-0103 (JMA)(JMW), 2022 WL 17335670, at *6 (E.D.N.Y. Nov. 30, 2022) (granting the attorneys' motion to withdrawal following "repeated attempts" to communicate with their client that "utterly failed"); *see also Louima v. City of New York*, No. 98 CV 5083 (SJ), 2004 WL 2359943, at *61 (E.D.N.Y. Oct. 5, 2004) (concluding that an attorney may permissibly withdraw from his representation upon a client's failure to communicate with the attorney).

---

[5] Clients have the right to have a matter handled competently and with diligence (*see* Statement of Client's Rights, 22 NYCRR § 1210.1), but a lawyer also has the right to have the client maintain contact with them (*see* NYSBA's Statement of Client's Responsibilities, https://nysba.org/client-rights-and-responsibilities/#:~:text=The%20client%20should%20maintain%20contact,lawyer%20for%20information%20and%20cooperation

Here, Glaser seeks withdrawal due to irreconcilable differences with his client based on "[Plaintiff's] failure to appear for his deposition, [Glaser's] inability to contact him on the morning of the deposition, certain scheduling issues based on prior orders . . . as well as certain disagreements with the Plaintiff himself." (ECF No. 174-1 at pp. 2-3.) These circumstances weigh in favor of granting withdrawal. *See Naguib v. Pub. Health Solutions*, No. 12–CV–2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting a motion to withdraw where the client refused to communicate and cooperate with counsel, including failing to appear for her deposition against counsel's advice). Furthermore, Glaser alleges that "no conversation has taken place with the client since his decision not to go forward with the scheduled deposition on March 21, 2025." (*Id.* at p. 3.)  Plaintiff never responded to Glaser's pending application to withdraw despite being informed of it. (*See* ECF No. 174-1 at p. 3.)

After considering the allegations of irreconcilable differences, the lack of communication since the unsuccessful deposition, and absence of opposition to the motion, it appears Glaser has established satisfactory reasons for his permissive withdrawal in this matter pursuant to NY Rule of Professional Conduct 1.16(c)(7). *See Doe v. Holy Bagel*, 2:15-cv-03620 (MKB) (JMW), 2024 WL 4708707, at *3 (E.D.N.Y. Oct. 17, 2024) ("Given the clear breakdown in communication and to whatever attorney-client relationship that may have persisted, and considering the absence of opposition by Defendant Sanchez, withdrawal is appropriate."); *see also United States v. Lawrence Aviation Indus.*, No. CV 06-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("[W]here a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted.").

4

Moreover, Glaser requests that the case be stayed "for thirty days to give the plaintiff an opportunity to decide whether to attain new counsel or to represent himself in this matter (as he did prior to this office's appearance)." (ECF No. 174-1. at p. 3.) Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel. *Bueno v. Allcity Med., P.C.*, No. 22-CV-02216 (JGLC) (KHP), 2023 U.S. Dist. LEXIS 186121, at *7 (S.D.N.Y. Oct. 17, 2023). Here, and as detailed below, a stay is appropriate to prevent prejudice to Plaintiff.

## CONCLUSION

For the reasons stated above, Glaser's motion to withdraw as counsel for Plaintiff (ECF No. 174) is **GRANTED**. All proceedings in this case are stayed until **May 16, 2025**, so that Plaintiff may have the opportunity to retain substitute counsel. The parties shall appear for a Status Conference via telephone utilizing the Court's Zoom on **May 22, 2025 at 11:00AM** before the undersigned, with Plaintiff appearing either *pro se*, or through newly retained counsel. Outgoing counsel, Glaser, is directed to serve a copy of this Order upon Plaintiff at his last known address and email address and file proof of service on ECF **within three business days**.

Dated: Central Islip, New York
April 9, 2025

SO ORDERED:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5